UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FAHTIMA R.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C18-5970 MJP

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the ALJ erred by discounting the medical opinion of Curtis G.G. Greenfield, Psy.D. Dkt. 7. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 49 years old, has a high school education, and has worked as a packager. Dkt. 5, Administrative Record (AR) 28. Plaintiff applied for benefits in May 2016. AR 89. Plaintiff's application was denied initially and on reconsideration. AR 88, 109. After the ALJ conducted a hearing in September 2017, the ALJ issued a decision finding Plaintiff not disabled. AR 35, 15-29.

## THE ALJ'S DECISION

Using the five-step disability evaluation process in 20 C.F.R. § 416.920, the ALJ found:

> **Step one:** Plaintiff has not engaged in substantial gainful activity since the May 2016 application date.
>
> **Step two:** Plaintiff has the following severe impairments: degenerative disc disease with radiculopathy, status post cervical disc replacement; left foot abnormality, status post surgery; schizoaffective disorder, depressed type; and post-traumatic stress disorder (PTSD).
>
> **Step three:** These impairments do not meet or equal the requirements of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> **Residual Functional Capacity:** Plaintiff can lift 20 pounds occasionally and 10 pounds frequently and can stand/walk and sit six hours per day each. She can frequently climb ramps and stairs, balance, kneel, and crouch. She can occasionally crawl and can never climb ladders, ropes, or scaffolds. She can frequently reach overhead with the right dominant arm, and occasionally tolerate extreme cold, heat, vibrations, and hazards. She can have occasional interaction with the public and can perform simple, routine, and repetitive tasks in an environment free of fast-paced production requirements, involving only simple work-related decisions and with few, if any, workplace changes.
>
> **Step four:** Plaintiff cannot perform past relevant work.
>
> **Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

AR 18-29. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1. The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). The Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

An ALJ may only reject the uncontradicted opinion of an examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if an examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.* The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725.

Dr. Greenfield examined Plaintiff on February 14, 2017, and filled out a Psychological/ Psychiatric Evaluation. AR 745-49. He diagnosed her with "Schizotypal Personality Disorder (Premorbid)." AR 746-47. Dr. Greenfield opined that Plaintiff had "severe" limitations, defined as "inability" to sustain performance in regular employment, in communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and completing

a normal workday and workweek without interruptions from psychologically based symptoms. AR 747.

The ALJ gave Dr. Greenfield's opinions "little weight" on the grounds that they were inconsistent with his own and other medical findings and overly reliant on Plaintiff's "unreliable subjective reports…." AR 27.

**A. Dr. Greenfield's Examination**

If a doctor's "opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the … opinion. … However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). Psychiatric evaluations "will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient[, because 'u]nlike a broken arm, a mind cannot be x-rayed.' … Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (quoting *Poulin v. Bowen*, 817 F.2d 865, 873 (D.C. Cir. 1987)). Clinical interviews and mental status evaluations "are objective measures and cannot be discounted as a 'self-report.'" *Id.*

Dr. Greenfield conducted a clinical interview and mental status examination. AR 745-46, 748-49. Dr. Greenfield observed abnormalities in affect, thought content, orientation, perception, memory, concentration, and insight and judgment. AR 749. Although Plaintiff self-reported auditory hallucinations ("voices"), Dr. Greenfield determined, by questioning her and applying his professional judgment, that her reported "ability to converse with her deceased

mother and daughter [was] beyond what would be expected given religious norms." AR 745, 746. In other words, Dr. Greenfield did not credit Plaintiff's report that she could converse with her deceased family members, but interpreted it using his professional judgment. Dr. Greenfield also observed "Paranoid Ideation" as Plaintiff talked about "concern about her location and the possibility of interacting with others." AR 746. Dr. Greenfield did not parrot Plaintiff's reports, but analyzed them based on his expertise. Substantial evidence does not support the ALJ's finding that Dr. Greenfield's evaluation "appears to rely heavily" on Plaintiff's self-reports. AR 27.

The ALJ also found that Dr. Greenfield's opinions were inconsistent with his own mental status examination findings of "fair eye contact, normal speech, and [that] she was cooperative." AR 27. Incongruity between a doctor's opinions and her own medical records is a "specific and legitimate reason for rejecting" the opinions. *Tommasetti*, 533 F.3d at 1041. Here, however, Dr. Greenfield found a mix of normal and abnormal results that are not incongruent with his opinions. He found anxious affect, ruminative and anxious thought content, impaired orientation, abnormal perception, impaired memory, impaired concentration, and abnormal insight and judgment. AR 749. The ALJ provided no explanation why finding normal eye contact, speech, and cooperation would outweigh the extensive abnormal findings. *See Reddick*, 157 F.3d at 725 (an ALJ must explain why his interpretations, "rather than the doctors', are correct").

The Court concludes the ALJ erred by discounting Dr. Greenfield's opinions on the grounds that they were inconsistent with his own findings and heavily reliant instead on Plaintiff's self-reports.

**B. Other Medical Findings**

Conflict with the medical record can be a valid reason to discount an examining doctor's opinion. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (that opinions were "contradicted by other statements and assessments of [claimant's] medical conditions" and "conflict[ed] with the results of a consultative medical evaluation" were specific and legitimate reasons to discount the opinions). The ALJ found that in mental status examinations Plaintiff "regularly exhibited normal speech, mood, and affect, without evidence of hallucinations or delusions…." AR 25 (citing AR 802-51). This finding is not supported by substantial evidence. Although speech and appearance were typically within normal limits, the cited records contain numerous abnormal findings, including depressed mood, blunted/flat affect, auditory hallucinations, anxiety, irritability, flight of ideas, racing thoughts, and panic attacks. AR 814, 816, 818, 823, 827, 842. Only two mental status examinations lacked abnormal findings. AR 821, 825. This abundance of abnormal mental findings is congruent with Dr. Greenfield's findings of anxious affect and thought content, auditory hallucinations, and impaired concentration, among other abnormalities. AR 749.

The ALJ also relied on a treatment record from a February 23, 2017, appointment for neck pain that showed no abnormalities in Plaintiff's "mental health presentation…." AR 27 (citing AR 862, 865). During that visit, the provider, Nathan Boykin, P.A., made no mental health findings. *See* AR 862-65. The Commissioner cites a page where Mr. Boykin reported, in the "Psychiatric" section of the review of systems, that "Patient denies depression, sleep disturbances, feeling safe in a relationship, alcohol abuse, anxiety, hallucinations, suicidal thoughts or restless sleep." AR 864. It is inconsistent that Plaintiff reported auditory hallucinations to Dr. Greenfield and then, two weeks later, denied hallucinations to another

provider. However, the ALJ discounted Plaintiff's self-reports, and Plaintiff does not challenge that conclusion. AR 23. And, as discussed above, Dr. Greenfield's opinions do not rely heavily on Plaintiff's self-reports. The February 23 treatment note does not contradict Dr. Greenfield's opinions.

The Court concludes the ALJ erred by discounting Dr. Greenfield's opinions based on conflict with the medical record.

**C. Harmful Error and Scope of Remand**

The ALJ erred by discounting Dr. Greenfield's opinions without a specific and legitimate reason. The error was harmful because the ALJ failed to incorporate all of Dr. Greenfield's limitations into the RFC and thus may have relied at step five on jobs that Plaintiff cannot perform. *See Hill v. Astrue*, 698 F.3d 1153, 1161-62 (9th Cir. 2012).

Plaintiff requests the Court remand this case for further administrative proceedings. Dkt. 7 at 1. In general, a court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Because the record shows conflicts between unchallenged state agency doctor opinions and Dr. Greenfield's opinions that the ALJ must address, the Court concludes that enhancement of the record would be useful. *See* AR 25 ("great weight" given to state agency opinions of non-disability). Accordingly, the Court remands the case for further administrative proceedings.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

405(g).

On remand, the ALJ should reassess Dr. Greenfield's opinions, reevaluate the RFC as needed, and proceed to step five as necessary.

DATED this 8th day of May, 2019.

Marsha J. Pechman
United States District Judge